**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **DEBRA MARIE HENDRIX** | § | |
| | | |
| **VS.** | § | **CIVIL ACTION NO. 5:10cv7** |
| **COMMISSIONER,** | | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Caroline M. Craven. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition of the case.

Plaintiff filed objections which reiterate her assertions that (1) the vocational expert testified that if Plaintiff would be absent more frequently than two times a week, then she would be unemployable, and (2) "the Administrative Law Judge did not fully develop the record in regard to medical reports with the Plaintiff having appeared *pro se*." *Objections* at 1.

In her brief, Plaintiff pointed out only one record to support her contention that she was unemployable because she would be absent from work more frequently than twice per week: Plaintiff "points out the vocational testimony that if more than two days a month were missed at work, then Plaintiff would be subject to termination." *Report and Recommendation* at 16.

"The ALJ ultimately rejected the evidentiary assumption that Plaintiff would miss more than two days of work a month and consequently be subject to termination; therefore, the ALJ was not bound by the vocational expert testimony based on that evidentiary assumption. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985)."

*Id.* Plaintiff's objection therefore lacks merit.

Plaintiff's second objection is that the ALJ did not fully develop the record. Her brief states that "the record has not been fully developed by the Administrative Law Judge in . . . gathering full medical;" "[i]n regard to the medical situation, it is felt that the Administrative Law Judge did not develop a full record;" and, "[t]he record simply was not fully developed in [the] matter" of whether "the Plaintiff is unable to be gainfully employed." *Plaintiff's Br.* at 3-5. She points out that she proceeded *pro se* at the administrative level; however, she is represented by counsel in this case.

If the ALJ does not satisfy his duty to develop the record fully, a court will not reverse the decision unless the plaintiff shows that he was prejudiced. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). To show prejudice, a claimant should proffer evidence that, had the ALJ developed the record further, would have been adduced at the hearing and could have changed the result; however, if the claimant fails to proffer the evidence, plausibly arguing it suffices. *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). Plaintiff repeatedly stated that the ALJ did not develop the record; however, she makes no plausible argument of any evidence that could have been adduced at the hearing and could have changed the result. Her objection therefore lacks merit.

Plaintiff's final objection is that "the Magistrate Judge has not properly considered the findings on page 242 of the transcript where the MRI of the cervical spine shows disc protrusion and bulging and on page 243 of the transcript where the medical shows that the cervical spine demonstrates moderate degenerative disc disease at the C5-C6 level." *Objections* at 2. The Report and Recommendation addressed an October 30, 2008, cervical spine MRI showing moderate sized disc protrusion at C3-C4, which did not appear to cause significant spinal stenosis, and small left

paracentral disc protrusion at C6-C7, causing moderate narrowing of the left lateral recess and mild spinal stenosis with mild left-sided foraminal narrowing. *Report and Recommendation* at 20 (*citing Tr*. at 237-38). The Report and Recommendation also addressed a November 4, 2008, cervical spine MRI showing Plaintiff's disc protrusion at C3-C4, bulging of the annulus fibrosis at C5-C6, and disc protrusion at C6-C7, but showing no abnormal enhancement within the cord or soft tissues of the neck. *Id*. at 11 (*citing Tr*. at 242).

The Report and Recommendation notes that at step two of the sequential analysis, the ALJ determined that Plaintiff's cervical degenerative disc disease was a severe impairment. *Report and Recommendation* at 20 (*citing Tr*. at 13). The Report and Recommendation addressed the cervical spine moderate degenerative disc disease at the C5-C6 level (*Report and Recommendation* at 20 (*citing Tr*. at 237-38)), including discussion of the interpretation of June 26, 2008, imaging as showing moderate degenerative disc disease at that level, with no acute traumatic injury (*Id*. at 20 (*citing Tr*. at 197)).

The Report and Recommendation specifically addressed page 242 of the transcript and medical evidence of moderate cervical spine degenerative disc disease. *Id*. at 11 and 20. Plaintiff has shown neither how the ALJ's consideration of these conditions was improper, nor how these conditions rendered her unable to perform her past relevant work as a hair dresser or hair stylist, as it is generally performed in the national economy, the latter of which she must show to prevail on her disability claim.

This Court has made a *de novo* review of Plaintiff's objections and determined that they lack merit. This Court finds that the Magistrate Judge's findings and conclusions are correct and adopts

them as the Court's findings and conclusions.  The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED**; and

**ORDERS** that all motions not previously ruled on are denied.

**SIGNED this 18th day of August, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE